## PRATT VS. PAGE.

An order denying a motion to vacate an order of arrest, is appealable under subd. 3, sec. 10, chap. 164, Laws of 1860.

The party arrested does not waive his right to appeal by giving bail.

An affidavit for an order of arrest in an action of tort, does not show "that a sufficient cause of action exists," within the meaning of the statute on that subject, if it shows that the action is barred by the statute of limitations.

An affidavit for the arrest of the defendant in an action commenced in *December*, 1863, alleged that the plaintiff had been arrested in the state of Iowa, on a requisition from the governor of New York, in *January*, 1857, under an indictment against him procured by the defendant maliciously and without probable cause; that the plaintiff procured his release a few days after by paying the defendant a certain sum of money, and executing to him notes payable at different times within the three years next ensuing; and that he had paid said notes as they fell due. *Held*, that the cause of action, if any, was perfect upon the plaintiff's arrest, and was not dependent upon the payment of any one of the said notes, and the action was barred.

To sustain an action for a malicious prosecution in procuring an indictment against

the plaintiff, it must appear that the proceedings under the indictment are legally at an end. Whether or not this rule applies to an indictment found in a *foreign country*, under our federal constitution and the laws of congress relating to fugitives from justice escaping from one state into another, and those relating to the authentication of records and judicial proceedings, it is applicable to an indictment found in a different state from that in which the action is brought.

APPEAL from the County Court of *Milwaukee* County.

Action for damages for certain alleged torts, commenced December 11, 1863. On the same day defendant was arrested by the sheriff of said county in obedience to an order of the county judge. The affidavit of the plaintiff on which the order was granted, alleges that he has a cause of action against the defendant for an injury to his person, character and feelings, and states, in substance, that in December, 1856, defendant falsely, wilfully, maliciously and without probable cause, and with a design to harrass and oppress the affiant, procured him to be indicted in the state of New York for an alleged criminal offense; that afterwards defendant, with like intent to harrass and oppress affiant and to extort money from him, procured a requisition for him from the governor of New York upon the governor of Iowa (in which last mentioned state affiant then resided); that in January, 1857, defendant, upon said requisition, procured from the governor of Iowa a warrant directed to the sheriff of Muscatine county in said state, directing him to arrest affiant and deliver him to said defendant as the agent of the state of New York, to be removed, &c.; that defendant thereupon procured said sheriff to arrest affiant at Grinnell in said state, and remove him to Iowa City; that on the way to the place last mentioned, defendant proposed to affiant that he would cause him to be released from said arrest and imprisonment, and cause all proceedings under the indictment to be abandoned, if affiant would pay him a certain amount of money; that affiant, in order to procure his release, finally agreed to pay defendant $1850; and accordingly paid him $400 in cash, and gave him seven notes for the balance,

secured by mortgage, and all payable within two years from their date, to wit, January 19, 1857; that said notes were all paid by affiant within three years from date; and that defendant, on receiving said money and notes, released affiant from arrest, and assured him that all proceedings upon said indictment should be abandoned, which was accordingly done. The affidavit further states, in substance, that in the fall of 1858, defendant, with a design further to oppress and defraud the affiant, wilfully, maliciously and without probable cause procured him to be indicted in the state of New York for another criminal offense, and afterwards procured a requisition for him from the governor of New York upon the governor of Wisconsin (affiant being then a resident of this state), and procured himself to be appointed agent of the state of New York to receive affiant upon said requisition and convey him to New York, but without expense to that state; that in February, 1859, defendant, with intent to oppress the affiant and extort money from him, came to this state at his own expense, or that of some private individual, and presented said requisition to the governor of this state, and endeavored to procure from him a warrant for the arrest and delivery to him of the affiant. The affidavit further states that no steps have ever been taken by the authorities of New York to procure the appearance of affiant to answer to either of said indictments, except those taken and incited by defendant as aforesaid; and that all proceedings under them (as affiant is informed and believes) have been wholly abandoned, and the authorities of said state do not intend to proceed further under either of said indictments, or to attempt to acquire any jurisdiction over the affiant. It then alleges damages in the sum of $10,000, for which sum affiant had commenced his action.

The defendant procured an order upon the plaintiff to show cause why the order of arrest should not be vacated; and upon the hearing, affidavits of said defendant were read, traversing most of the statements of plaintiff's affidavit. The affida-

vits state, on information and belief, that both the indictments mentioned in the affidavit of the plaintiff are still pending and ready for trial, and the authorities of the state of New York are waiting the return of the plaintiff to their jurisdiction to put him on trial. It also states that the defendant is advised by his counsel that if any cause of action against him ever existed on the facts set forth in the plaintiff's affidavit, it is now barred by the statute of limitations, and that he elects to take advantage of the statute, and to plead and rely upon the same. The county court overruled the motion to vacate the order of arrest; and the defendant appealed. The proceedings subsequent to the appeal will appear from the opinion of this court.

*Waldo, Ody & Van*, for appellant:

So much of the plaintiff's affidavit as relates to the *second* indictment is insufficient to show a cause of action for abuse of process, first, because it does not show any *damage* to the plaintiff (1 Hilliard on Torts, 2d ed., 480; 1 Wend., 345); secondly, because none of its allegations are positive or upon knowledge. *Martin v. Vanderlip*, 3 How. Pr. R., 265–9; *Moore v. Calvert*, 9 id., 474; *Bank v. Mott*, 6 Abb., 318. 2. Both are insufficient to show a cause of action for malicious prosecution or arrest, or false imprisonment, because they do not show that either of the prosecutions is at an end—*judicially* ended, so that nothing more *can* be done by the prosecutor without commencing anew. 1 Hilliard on Torts, 480, 485, n., 487, 493, 513, 514, 518, 522, 525, 527; *Clark v. Cleveland*, 6 Hill, 344; *Bacon v. Towne*, 4 Cush., 217; *Hardin v. Borders*, 1 Iredell, 143; 4 Burr., 1971; 2 Greenl. Ev., § 452; 24 Pick., 81–3–7; 18 Ill., 114; 10 Cush., 279; 6 Blackf., 504; 6 Barb., 426; 1 Salk., 21; 1 Sandf., 47; 1 Am. L. C., 227, 232; 9 Abb., 242; 18 How. Pr. R., 529. It is suggested that it is not necessary to show the prosecution at an end because the indictment was found in a foreign country. The intimation in 1 Hilliard on Torts (2d ed.), p. 519, § 26, with reference to *Young v. Gregory*, 3 Call (Va.), 446, is erroneous, that case

being an authority the other way. The only reason why it has ever been hinted that proof of the termination of the prosecution in a foreign country would not always be strictly required was, that the only competent proof, by transcript of record &c., could not in that case be procured. This reason is inapplicable to the case of a prosecution in another of these United States. 3. The facts alleged do not make out what the law calls abuse of process. To constitute that, the process must be illegally or irregularly issued, or employed to directly enforce something which the law does not warrant. 1 Am. L. C., 232; *Grainger v. Hill,* 4 Bing. (N. C.), 212; *Heywood v. Collinge,* 36 E. C. L., 136; *Pangburn v. Bull,* 1 Wend., 345; *Turner v. Walker,* 3 Gill & J., 377; *Page v. Cushing,* 38 Me., 523; 6 Blackf., 504; *Sommer v. Wilt,* 4 S. & R., 19; *Baldwin v. Weed,* 17 Wend., 224–7; *Plummer v. Dennett,* 6 Greenl., 421; *Lewis v. Morris,* 2 Crompt. & Mees., 712–21; *Prough v. Entriken,* 1 Jones (11 Pa. St.), 82. 4. The action is barred. R. S., ch. 138, secs. 17, 19. Payment of some of the notes within six years would not take the case out of the statute. If there was an illegal abuse of process, the consideration was illegal, and the note void. *Fay v. Oatley,* 6 Wis., 42, 55, 56. The payment of void notes would not constitute any cause of action for extortion. 16 Mass., 91, 92; 2 id., 523; 4 id., 373; 2 Wilson, 349. Plaintiff could not even recover the money so paid. 1 Wend., 345; 2 East, 469; 4 Johns., 165; 4 Esp., 279. The only cause of action stated in the affidavit was complete at the close of the transactions related to have occurred in Iowa. No act of the defendant in relation to that matter is related to have been done since then.

*J. P. C. Cottrill* and *J. W. Cary,* for respondent.

[No brief on file.]

*By the Court,* COLE, J. Before this cause was reached for argument on the calendar, a motion was made to dismiss the appeal, on two grounds: 1st, Because the order denying the

motion to vacate the order of arrest was not appealable; and 2d, Because the party had waived or lost his right to appeal— if the order was appealable—by complying with its conditions and giving bail. This motion was overruled, but no opinion was filed when the motion was disposed of, and therefore it has been thought proper to briefly state our views upon it here. The question involved is one of practice, and doubtless of considerable interest to the profession.

We are clearly of the opinion that this is an appealable order under our statute. An order to arrest and bail is what is denominated a "provisional remedy," and the appeal act, in prescribing what orders may be brought to this court by appeal, expressly names one which grants, refuses, continues or modifies a provisional remedy. Chap 164, Laws of 1860, section 10, subd. 3. An order denying a motion to vacate the order of arrest, in effect, of course, continues the original order. 8 How. Pr. R., 353.

As little ground is there for claiming that a party waives or loses his right to appeal from such an order, by complying with its conditions and giving bail. Even paying a judgment, or collecting the money due thereon by *fi. fa.*, has been held to be no ground for setting aside or staying proceedings on writ of error. *Clark v. Ostrander*, 1 Cowen, 437; *Dyett v. Pendleton*, 8 id., 325; *Clowes v. Dickinson*, id., 328. Of course, where a party agrees not to prosecute his appeal, or waives his right by acquiescing in the order and accepting some benefit or advantage under it, then it would be contrary to good faith to permit him to go on and have it reviewed. No such thing exists here. The party had to comply with the order or go to jail. And there is no reason for saying that because he did comply with it and give bail, he tacitly or expressly acquiesced in its correctness, and waived his right to have it reviewed.

This brings us to a consideration of the appeal on the merits—whether the affidavit upon which the original order was granted shows, in the language of the statute, "that a suffic-

ient cause of action exists" for holding the appellant to bail. We think it does not. In respect to the first cause of action set forth in the affidavit, whether it be considered as one for a malicious arrest and prosecution, or one for an abuse of criminal process, it clearly appears that the cause of action accrued more than six years before the commencement of this suit. That being so, the action was barred by the statute of limitations. It is claimed that possibly our statute of limitations (chap. 138, sections 17 and 19) was intended to bar these actions within *two* years from the time the action accrued. However this may be, there can be no doubt they are barred by the lapse of *six* years. Now it appears that the respondent was arrested in the state of Iowa, on the first requisition mentioned in the affidavit, sometime in the month of January, 1857, and that he procured his release from restraint and imprisonment about the 19th day of that month, by paying the appellant four hundred dollars in money, and executing and delivering him his seven promissory notes, secured by a mortgage, which notes were payable and were paid at different times in the three next ensuing years. If there was any cause of action growing out of these transactions, is it not apparent that it must have been perfect and complete when the acts ·or things were done which gave rise to it? If there was any malicious arrest and prosecution, or any abuse of criminal process, it must have occurred on or prior to the 19th of January, 1857. This, it appears to us, must have been the case, unless the suggestion can be maintained, that the cause of action was not then fully complete, or, if it was, that it was in some manner renewed, continued or kept alive by subsequent payment of the notes. But how the payment of the notes can have any relation to or connection with the wrongful arrest or the abuse of process, we have been unable to comprehend. So far as those acts were concerned, they were distinct, independent, complete, when performed. The acts were wrong when done, if they ever were, and did not acquire the charac-

ter of illegality from something transmitted to them by payment of the notes. Indeed, the matter of the payment of the notes is in our view entirely immaterial. It does not affect the original transaction a particle. The cause of action arose out of acts done by the appellant on or before the 19th day of January, 1857, if any ever existed. And the period of limitations began to run from this time, and not from some subsequent date at which the wrongdoer received the fruit of his iniquity. If this view be correct, it follows that the first cause of action set forth in the affidavit was barred by the statute of limitations. And we are not to assume that the appellant will not take advantage of the statute and avail himself of every legal defense. The affidavit, certainly, upon its face, should state facts showing "that a sufficient cause of action exists," and not one barred by the period of limitation.

We have great doubt about the second branch of the affidavit stating any cause of action whatever. The respondent was not arrested upon that requisition, nor does he show that he was in any manner injured or damnified by it. But besides all that, he does not show that the indictment has been disposed of, and that the prosecution is at an end. This objection, of course, is common to both causes of action; but we have relied upon the statute of limitations in respect to the first, because it furnishes a complete answer to any possible view which could be taken of the case. And the numerous authorities cited on the brief of the counsel for the appellant show that the law is equally well settled, that in actions of this kind it must appear that the proceedings are legally at an end. Nor do we think the rule is different where it appears that the indictment was found in a sister state. However it might be held if it appeared that the indictment was found in a foreign country, no reason is perceived why, under the provisions of the federal constitution and laws of congress for the rendition of fugitives from justice in one state found in another, and the authentication of records and judicial proceedings, it should

not be shown that the prosecution complained of was at an end.

We think the order of arrest should have been vacated.

The order of the county court, refusing to grant the motion to vacate the order of arrest, is reversed, and the cause remanded for further proceedings in conformity to this opinion.