JULIAN LOVE v. ELBRIDGE E. WOOD.

*False imprisonment—Presumption of regularity.*

1. The presumption that official action is regular applies to magistrates' courts.

2. An arrest upon a justice's warrant delivered by the plaintiff or complaining witness in the case to a constable for service, will not sustain an action against such plaintiff or complainant for false imprisonment where there is no showing that he acted maliciously or directed the arrest, or was present when it was made, and where no question was raised as to his good faith or the jurisdiction of the justice.

Error to Clinton. (V. H. Smith, J.) Oct 22.—Jan. 7.

TRESPASS. Defendant brings error. Reversed.

*A. Stout* and *Nichols & Humphrey* for appellant. Officers of the law are presumed to act legally: *Outlaw v. Davis* 27 Ill. 467; and trespass will not lie against them for service of warrants: *Lock v. Ashton* 12 Q. B. 871; *Morgan v. Hughes* 2 Term 225; even the party at whose instance it is served is not liable until it is found to be void: *Cogburn v. Spence* 15 Ala. 555; *Skinnion v. Kelley* 18 N.Y. 355; and the sufficiency of his affidavit for a warrant is not to be submitted to any one but the magistrate who issues the warrant: *Gillett v. Thiebold* 9 Kan. 427; *Kissock v. Grant* 34 Barb. 144.

*H. J. Patterson* for appellee.

SHERWOOD, J.   This action was brought in justice's court
for false imprisonment, appealed to the circuit court, and
upon the trial in both courts the plaintiff had judgment. The
defendant brings error.

It is claimed by the plaintiff that the defendant wrong-
fully caused and directed his arrest in two cases—one a civil
and the other a criminal suit; the defendant being plaintiff
in the one and complaining witness in the other; but it is
not claimed that he acted maliciously in either.   The record
contains all the evidence bearing upon the questions raised,
and from which it appears, by that offered by the plaintiff,
that the arrests were made by a constable upon a warrant
issued by a justice of the peace and delivered to him by the
defendant, but we cannot say that the defendant asked or
directed him to make the arrests, or was present when the
arrests were made.   Neither the complaints nor warrants
were put in evidence on the trial.

It does not appear that the officer arrested the plaintiff by
reason of anything the defendant said to him, but by virtue
of his warrant which he subsequently returned to the court.
In the absence of testimony upon the subject we cannot,
under the circumstances, presume the court acted illegally in
taking the complaints or in issuing the warrants, the evidence
of which was given by the plaintiff; but on the contrary,
the rule that "regular official action" will be presumed
applies to a magistrate's court, and must be observed in this
case.

No question having been raised as to the subject-matter
being within the jurisdiction of the justice, and the defend-
ant having acted in good faith, we think he was entitled to
have his several requests given to the jury as asked,[1] and the

---

[1] The defendant's counsel requested the court to charge the jury as fol-
lows: *First.* That if you find that the defendant gave the officer a war-
rant, and the plaintiff was arrested on that warrant, that the presumption
in such a case would be in favor of that warrant being a legal warrant.
*Second.* If the jury find from the plaintiff's own proof that defendant
gave an officer a warrant, and the arrest was under such warrant, the
presumption is in favor of the warrant being a legal one.   *Third.* And if
you find that plaintiff was legally arrested, no damages can be recovered
by the plaintiff.

failure of the court to comply was error. The cases cited by defendant's counsel fully sustain these views.

The judgment must be reversed and new trial granted.

The other Justices concurred.