EVAN STENSRUD v. NELLIS J. DELAMATER AND IRVING A. BASSETT.

*Fraudulent Debtor Act—Affidavit for arrest—False imprisonment—Evidence—Motive—Jurisdiction.*

1. An affidavit for an arrest under the Fraudulent Debtor Act must show affirmatively that the facts relied on are within affiant's knowledge.

2. The facts that a debtor has admitted that he has sold his stock and refuses to pay more than thirty cents on the dollar, and that the sale was made at less than half the value of the goods, are not in themselves sufficient to warrant his arrest under the Fraudulent Debtor Act.

3. Proceedings under the Fraudulent Debtor Act can only be taken before the magistrate who has before him the civil proceeding to which they are collateral.

4. All circumstances tending to show the character and motives of persons who have caused an arrest are admissible to show whether their conduct was malicious or not in an action against them for false imprisonment.

5. A justice of the peace cannot be both magistrate and counsel; and in an action against him for false imprisonment his acting in both capacities can be shown not only as evidence of malice but of want of jurisdiction. And in such an action his own entries are not conclusive in his own favor, nor does plaintiff have the burden of proving all papers and proceedings: defendant himself must justify if he relies on authority in an action of trespass.

Error to Marquette. (Grant, J.) Jan. 16.—Jan. 28.

TRESPASS. Defendant brings error. Affirmed.

*E. E. Osborn* and *John Atkinson* for appellants. In proceedings under the Fraudulent Debtor Act, evidence tending to establish the ground upon which the warrant is to be issued, though slight and inconclusive, is sufficient to sustain it: *Vredenburgh v. Hendricks* 17 Barb. 179; *Gillett v. Thiebold* 9 Kas. 427; *Broadhead v. McConnell* 3 Barb. 175; *Skinnion v. Kelley* 18 N. Y. 355: a party who exchanges his property for something not subject to levy, or on credit on long time, brings himself within the statute: *Jordan v. White* 38 Mich. 256: where jurisdiction is given to inquire into a state of facts, mere errors in admitting testimony will not vitiate the conclusion: *Van Steenbergh v. Kortz* 10 John. 167; *Downing v. Rugar* 21 Wend. 185; *Wheaton v. Beecher* 49 Mich. 348; jurisdiction does not depend upon the view that other courts may take of its weight and conclusiveness: *Johnson v. Maxon* 23 Mich. 129; *Horn v. Wayne Circuit Judge* 39 Mich. 20; *Supe v. Francis* 49 Mich. 266

*Hayden & Young* for appellee.

CAMPBELL, J. Plaintiff sued defendants for false imprisonment in arresting and causing him to be imprisoned without authority of law, and averred the various kinds of damage which arise to person, feelings and repute in such cases. Defendants at first did not put in any plea but the general issue. On the trial they were allowed to amend and justify under proceedings by virtue of the Fraudulent Debtor Act. The form of the plea is not set out in the printed record. The case was tried on the merits, and it was held by the court that no legal arrest was made out. The jury found a verdict for $1000.

The court below charged the jury that defendants were not liable for any aggravation of the imprisonment caused by the discomfort of the prisons or the conduct of the jailer and officers. The whole case depends on the validity of the arrest, and the position of defendants and their conduct in regard to it. Most of the questions concerning evidence are waived except those which have a connection with the legal responsibility of the parties.

The facts out of which the difficulty arose were that plaintiff, who was a trader at Michigamme in Marquette county found himself falling behind and in December 1883 sold out his entire stock to Mr. Braastad, a responsible merchant in the vicinity, and took his note at short time for the amount. He notified his creditors of his condition, and offered to pay them thirty cents on the dollar. There was testimony tending to prove this a fair offer. Defendant Delamater as agent for one of the creditors, a stove-dealing company, went to him and endeavored to get a better offer but did not succeed. He then, on the 19th day of January, 1884, which was Saturday, swore to an affidavit for arrest, before the defendant Bassett, who was a justice of the peace, under the Fraudulent Debtor Act, and late on Saturday night,—as sworn to by Bassett, about eleven o'clock—a warrant was issued, plaintiff was brought before Bassett and committed, and under this commitment imprisoned. It is not necessary to detail the facts at large, upon which there was some conflict. The testimony for plaintiff tended to show that the proceedings of Delamater and Bassett were such as to involve intimidation and oppression of a very gross kind. This testimony also tended to show that the action of the justice was taken after midnight, or on Sunday morning, and that the time was made known to the justice. It also tended to prove that Bassett was acting as adviser and counsel for Delamater, and was disqualified thereby from acting judicially.

The first question presented relates to the affidavit and its sufficiency to found an arrest upon. The statute requires the facts and circumstances to be such as to establish one or more of the grounds of complaint designated. The grounds of the affidavit are fraudulent concealment of property, and fraudulent disposal of it. It has been held by this Court that such facts and circumstances as are relied on must appear affirmatively to be within affiant's knowledge. *Proctor v. Prout* 17 Mich. 473; *Brown v. Kelley* 20 Mich. 27; *Badger v. Reade* 39 Mich. 771; *Sheridan v. Briggs* 52 Mich. 569. The only facts alleged as showing fraud are that plaintiff admitted that he had sold his stock and would pay

thirty cents on the dollar and no more. That the sale was made for less than the goods were worth, and at less than half their value. This is all that is not directly asserted on information. The affiant does not state that he had any knowledge of the stock or its value, or any fact from which such knowledge could be inferred.

The affidavit is entirely insufficient under our decisions, and upon the trial itself there was no such knowledge or facts made out as would have made any more conclusive showing. But the affidavit itself was bad.

It may be remarked here that the case does not show that any suit was pending before the justice in which such an application could be made. There is no indication that such a suit was referred to in the notice of justification or proved on the trial. These proceedings can only be had before the justice who has a civil action pending before him. The plaintiff's testimony negatived any such proceeding. We refer to this because a judgment cannot be reversed unless error appears. The case was chiefly argued on the affidavit.

We find no testimony objected to which was not very clearly connected with the conduct of Delamater and Bassett, and bearing upon the character and motives of their action. All of the circumstances tending to explain this conduct were admissible to show its quality. If plaintiff's testimony was true, the case was one of very aggravated malice. The time of night, and the fact of the arrest being made near midnight and on the eve of Sunday would necessarily aggravate the grievance to a man who had no accessible means of relief, counsel or deliverance at hand. Most of the worst facts were in immediate connection with the preparation and issue of the commitment itself.

So the anomalous position of Bassett as at once counsel and judge was proper to be shown not only to show malice but to show want of jurisdiction. *West v. Wheeler* 49 Mich. 505. A justice cannot act both as magistrate and counsel. It would be very absurd to hold, as is urged, that in such an action as this the justice's own entries are conclusive in his favor, and that the surrounding facts must be shut out.

Neither is it true that the burden of proof was on the plaintiff to show all the papers and proceedings. In an action of trespass if the defendant relies on authority he must justify.

So far as the charge of the court is concerned the only complaint assigned as error is the reference to the impropriety of Bassett's acting as attorney, if the jury found he did so act. The charge[1] was quite as liberal as it ought to be in allowing parties to talk with justices about their cases, and as we have already stated, the censure of such conduct was also within proper bounds.

The verdict [$1000] was not large enough to indicate that the jury found anything in the charge to inflame their minds. We find no error in the record, and

The judgment must be affirmed.

The other Justices concurred.

---

[1] The charge was as follows:
"One has a right to go to a justice of the peace and ascertain if he is an officer and the proper officer to bring his suit before, and the mere fact that they had talked together to that transaction, would not be sufficient evidence for you to find that Mr. Bassett was employed as such attorney, but if he acted as the attorney for Delamater, it was then highly improper that he should act as the justice in the case, and that would be one of the circumstances for you to consider in connection with the element of punitory damages."