## WILLIAM E. BARKER v. ANDREW E. ANDERSON.

*False imprisonment—Burden of proof—Evidence—Damages.*

1. In an action for false imprisonment, the mere fact that the plaintiff has been imprisoned is sufficient, standing alone, to raise the presumption that the imprisonment was illegal; but if the plaintiff shows that such imprisonment was caused by a complaint made by the defendant before a magistrate, the issuance of a warrant thereon, and a trial and conviction under it, and that the chief damages resulted from plaintiff's imprisonment upon such conviction, the burden is upon him to show that the complaint was invalid.

2. It is immaterial, in an action for false imprisonment, whether the plaintiff had money with which he might have paid a

fine, and escaped the imprisonment complained of. If wrong-fully convicted, such facts could have no bearing on his rights, or the amount of damages he would be entitled to recover.

Error to Menominee. (Grant, J.) Argued May 16, 1890. Decided June 27, 1890.

Trespass for false imprisonment. Defendant brings error. Reversed. The facts are stated in the opinion.

*B. J. Brown,* for appellant.

*E. E. Osborn,* for plaintiff.

[The points of counsel are stated in the opinion.— REPORTER.]

MORSE, J. This is an action for false imprisonment.

Anderson was mayor of the city of Iron Mountain, and made complaint against Barker before a justice of the peace. Upon this complaint Barker was arrested, tried, found guilty, and fined $20 and costs, or 30 days' imprisonment in the county jail. He was taken to the jail and confined 12 days, when he was released on *habeas corpus.* Before he went to jail he was locked up in the city lock-up about two hours.

The complaint was for peddling without a license from the city of Iron Mountain.

This suit was originally commenced against the city of Iron Mountain and Anderson jointly. It was finally discontinued against the city, and the trial proceeded against Anderson alone, resulting in verdict and judgment against him for $1,000. On the trial no attempt was made to justify the arrest and imprisonment, and no testimony was offered on the part of the defense. The plaintiff testified substantially that he was arrested in April, 1889, in the city of Iron Mountain, by a person

whom he thinks was a police officer, and was taken before one David Bergeron, a justice of the peace. He asked to have the case continued until the next day, which was granted. Afterwards, in the course of an hour or so, he went back and said: "I have changed my mind, and if it is convenient I will proceed at once with the trial," and it was done. The complaint was signed by Andrew E. Anderson, and plaintiff was told that he was mayor of the city. It was not shown that Anderson had anything to do with the proceedings except to make the complaint. Bergeron, the justice, was sworn on behalf of the plaintiff, and testified that Anderson made the complaint; that he, the justice, found Barker guilty, and committed him to the county jail for 30 days, in default of the payment of the fine of $20 and costs. Plaintiff testified that the officer who arrested him said he had a warrant for him, and that is all he knew about it. It appears from this testimony that there was a complaint of some kind made by defendant, Anderson, and probably a warrant based upon the complaint, a trial, conviction, and commitment growing out of this complaint. What the complaint was, or the form of it, we are not informed, save that it was for peddling without a license from the city of Iron Mountain. That the plaintiff was deprived of his liberty, and humiliated and imprisoned, is certain.

The judge instructed the jury that the plaintiff made out his case by showing the arrest and imprisonment; that it was then the duty of the defendant, if he had any justification, to show it.

"He has not done so, so that he stands here as liable for the false imprisonment, and the only question for you, therefore, is to assess the damages."

The allegations of error are that the court erred—

1. In stating that the plaintiff made out his case by showing the arrest and imprisonment, as above quoted.

2. In charging the jury as follows:

"The only evidence we have is that he, as mayor of the city, made complaint. Having therefore started the criminal prosecution, he is responsible for all its consequences."

3. In refusing to direct a verdict for the defendant.

4. In refusing to allow the plaintiff to answer the following question: "Did you have sufficient funds with you to pay your fine?"

As a general proposition, it must be admitted that it is only necessary for the plaintiff, in an action of this kind, to show that he has been imprisoned or restrained of his liberty. The presumption then arises that he was unlawfully imprisoned, and it is for the person who has committed the trespass to show that it was legally justified. But the counsel for the defendant contends that—

"The plaintiff having shown that he was imprisoned as the result of legal proceedings, that a complaint was made, a warrant issued, the form of a trial gone through with, resulting in his conviction, and the issuing of a commitment, under the color of which he is imprisoned, the jury should have been instructed to find a verdict for defendant,"—

As the presumption is in favor of the regularity of judicial proceedings even in courts of limited jurisdiction; citing, in support of his contention, the case of *Love v. Wood*, 55 Mich. 451.

Under the circumstances of the plaintiff's proofs we think the defendant was entitled to a verdict. In actions of this kind it is for the plaintiff to show, not only that he was restrained of his liberty, but that the restraint was unlawful. The name of the action implies that the imprisonment is false, and no action could be supported against any restraint which was lawful. The mere fact that a person has been imprisoned is sufficient in itself,

standing alone, to raise the presumption that it was illegal; but when the plaintiff goes further, and shows, as he did in this case, that such imprisonment was caused by a complaint before a magistrate, the issuing of a warrant upon such complaint, and a trial and conviction under it, and that the chief damages resulted from the imprisonment under the commitment of the magistrate upon such conviction, the burden must be on the plaintiff to show that the complaint was invalid. The only claim plaintiff had against defendant arose out of the fact that he, as mayor of Iron Mountain, instituted the proceedings by making a complaint against him which caused his arrest and confinement. If the complaint was invalid, he could hold the defendant responsible for the result of such complaint. If not he could not, unless he could show that Anderson had something to do with his imprisonment other than the making of the complaint.

In the case of *Stensrud v. Delamater*, 56 Mich. 144, relied upon by plaintiff's counsel to support this judgment, the affidavit which led to the false imprisonment was shown and held to be invalid. It cannot be authority for this case, when the complaint was not presented to the court below, but only the fact that one was made. The case of *Love v. Wood, supra,* is more nearly in point.

Whether the plaintiff had money with which he might have paid his fine, and thereby escaped imprisonment, was immaterial. If wrongfully convicted, the question whether he could have paid his fine, if he had desired to do so, could have no bearing on the plaintiff's rights, or the amount he was entitled to recover in damages. The court, therefore, did not err in excluding the question:

"Did you have sufficient funds with you to pay your fine?"

The judgment is reversed, and a new trial granted, with costs of this Court to defendant.

CHAMPLIN, C. J., LONG and CAHILL, JJ., concurred. GRANT, J., did not sit.