## THOMPSON *v*. STODDARD.

TRIAL—FALSE IMPRISONMENT—ELECTION OF COUNTS—WHAT CON-
STITUTES.

> A declaration contained an ordinary count for false imprison-
> ment, and also a count in which plaintiff's arrest under a
> complaint and warrant was alluded to, but without averment
> that the papers or proceedings were defective. Upon the
> trial, plaintiff, after showing defendant's connection with
> the arrest, and the damages, put in evidence the complaint
> and warrant and the proceedings before the justice. *Held*,
> that the offering of the supplementary evidence, although
> unnecessary under the first count, did not constitute an elec-
> tion to proceed under the second, but only imposed the addi-
> tional burden upon the plaintiff of showing that the proceed-
> ings were without jurisdiction.

Error to Shiawassee; Wisner, J., presiding. Submitted
April 6, 1897. Decided May 25, 1897.

Case by Samuel Thompson against Hiram D. Stoddard
for false imprisonment. From a judgment for defendant
on verdict directed by the court, plaintiff brings error.
Reversed.

*A. L. Chandler* and *A. E. Richards*, for appellant.

*John T. McCurdy*, for appellee.

MONTGOMERY, J. This is an action for false imprison-
ment. The plaintiff, on the trial, showed that the defend-
ant caused a complaint to be made before a justice of the
peace, upon which a warrant issued, and upon which
plaintiff was arrested and imprisoned; that the complaint
showed no offense, and that the defendant was active in
causing the plaintiff's arrest. The declaration contained
two counts. At the conclusion of the testimony, the
court ruled that by reason of the fact that the plaintiff

had put in proof of the complaint and warrant, and had given evidence of the proceedings before the justice, he should be held to have elected to proceed under the second count of the declaration, in which the fact of plaintiff's arrest under a complaint and warrant was alluded to. The court said of this count that he was unable to determine whether it was for malicious prosecution or false imprisonment or both, and that, as this count of the declaration did not point out that the complaint and warrant were defective, or that there was lack of jurisdiction in the justice, the plaintiff had failed to make a case under this count.

We think the court was in error in holding that the plaintiff should be held to have elected to proceed under the second count. His counsel declined to make such election. The first count was an ordinary count in trespass for false imprisonment, and undoubtedly the plaintiff might have rested on showing the fact of defendant's connection with his arrest and detention, and the damages. It would then have become incumbent upon the defendant to justify. *Stensrud* v. *Delamater*, 56 Mich. 144. The fact that plaintiff saw fit to put in evidence the papers for the purpose of showing defendant's connection with his arrest, so long as the papers fail to show jurisdiction to issue the warrant, did not render the arrest any the less a false imprisonment. It is true that his offer of the papers imposed an additional burden upon the plaintiff, namely, to show that, notwithstanding the parties went through the form of a proceeding before a justice, that proceeding was without jurisdiction. This burden he assumed, and we can see no reason why, having shown this, he was not entitled to recover under the first count in the declaration. The cases relied upon by defendant's counsel are *Haskins* v. *Ralston*, 69 Mich. 63 (13 Am. St. Rep. 376); *Barker* v. *Anderson*, 81 Mich. 508; and *Love* v. *Wood*, 55 Mich. 451. None of these cases are like the present. In *Barker* v. *Anderson*, the court said, in distinguishing the case from *Stens-*

*rud* v. *Delamater*, that in that case the affidavit which led to the false imprisonment was shown, and held to be invalid, while in the case under consideration—*Barker* v. *Anderson*—the complaint was not presented to the court below, but only the fact that one was made; and therefore held, following *Love* v. *Wood*, that the presumption would arise, upon this showing, that the affidavit stated a cause of action. In *Haskins* v. *Ralston* it was held that the affidavit upon which the warrant before the justice issued was sufficient. In the present case no such contention is made.

The judgment will be reversed, and a new trial ordered.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.