COVENEY v. PHISCATOR.

1. DURESS—IMPRISONMENT—PLEA OF GUILTY.
   A person who pleads guilty to a charge of obtaining money by means of threats, and returns the money he had received as a condition of his release, cannot recover the money on the ground that it was paid under duress of imprisonment.

2. FOREIGN JUDGMENT—REGULARITY—PRESUMPTION.
   A judgment of a Canadian court will be presumed to have been regular, and within the jurisdiction of the court.

3. SAME—COLLATERAL ATTACK.
   A plaintiff who has, in a Canadian court, pleaded guilty to a charge of obtaining money by means of threats, and, in voluntarily returning the money, has anticipated the order of restitution authorized by the Canadian statute, cannot, in an action to recover the money as paid under duress, in the absence of fraud, show that he was not properly adjudged guilty.

Error to Berrien; Coolidge, J.  Submitted October 14, 1902.  (Docket No. 53.)  Decided February 17, 1903.

*Assumpsit* by Joseph E. Coveney against Frank Phiscator for money alleged to have been paid under duress of imprisonment.  From a judgment for plaintiff, defendant brings error.  Reversed.

*Alfred J. Mills* and *Lawrence C. Fyfe*, for appellant.

*O'Hara & O'Hara* and *Victor M. Gore*, for appellee.

MONTGOMERY, J.  This is an action to recover $7,000 and interest, claimed to have been paid defendant under duress of imprisonment.  The plaintiff recovered, and defendant brings error.

The case of plaintiff, briefly stated, is that he charged defendant with having maintained illicit relations with his (plaintiff's) wife; that this alleged offense occurred in Berrien county, in this State; that plaintiff pursued defendant to the latter's residence at Dawson, Yukon Territory; that defendant then and there paid $7,000 in satisfaction of the injury; that very soon thereafter plaintiff was arrested by the Yukon authorities for obtaining this money of defendant by means of threats and menaces; that plaintiff was kept in jail on this charge from the 26th of May until the 10th of July, when he obtained his release and discharge by signing a retraction of the charge which he had made against Phiscator, surrendering the money to the marshal to be returned to Phiscator, and entering a plea of guilty to the charge of extortion by means of menaces and threats, whereupon the district court of Yukon suspended judgment on plaintiff's agreeing to leave the Territory.

A careful reading of the record does not disclose that Phiscator had aught to do with the rigor of treatment of which plaintiff complains.  The most that can be asserted is that Phiscator appeared as a witness on the preliminary examination, and it might possibly be properly inferred

from the circumstances that he, or some one in his behalf, lodged a complaint with the public authorities prior to plaintiff's arrest. However this may be, we discover no evidence in the record that the defendant sought to compel the plaintiff to surrender this money, unless the lawful institution of these proceedings be held to have constituted such an attempt. The plaintiff's testimony shows that he had two lawyers, and that he acted on their advice in pleading guilty.

The record of the criminal proceedings is not produced. The presumption is that such proceedings were regular, and within the jurisdiction of the court. *Palmer* v. *Oakley,* 2 Doug. 433 (47 Am. Dec. 41); 13 Am. & Eng. Enc. Law (2d Ed.), 995. The law of the forum authorized the court, in case the plaintiff, Coveney, had been found guilty as charged, to summarily order restitution to Phiscator of the money obtained by means of the threats and menaces which were the subject of that action. 24 & 25 Vict. chap. 96, § 100; 2 Rev. Stat. Canada, p. 2062. The plaintiff anticipated any such order, which would have followed on his plea of guilty as a matter of course, by turning the money into the hands of the marshal, to be returned to Phiscator. Can the plaintiff, having thus solemnly acknowledged his guilt and made restitution according to the laws of that Territory, and having by his plea of guilty shown both the legality and the propriety of the arrest, now assert that such arrest amounted to duress of imprisonment? We think that to permit him to do so would be to admit of a collateral attack upon the judgment of a court having jurisdiction of the matter. This, according to the weight of modern authority, is not permissible. 2 Black, Judgm. § 829. Whether such judgment is impeachable for fraud in a collateral attack is open to some question. Id. § 844.

Plaintiff contends that his plea of guilty in the criminal proceeding is not conclusive of his guilt in a civil action, and cites cases in which this doctrine is laid down, where the question arises in an action based upon a wrong which

is also an offense against the public. An illustrative case is *Hauser* v. *Griffith*, 102 Iowa, 215 (71 N. W. 223), which was an action for personal injury by assault. It was held that a previous plea of guilty in a criminal action was not conclusive. But cases of this character do not meet the issue here. The question here more properly is whether *the judgment of conviction is conclusive that the plaintiff was properly adjudged guilty*, or whether the plaintiff can assert that a proceeding in which that was regularly determined constituted unlawful duress *because the plaintiff was not in fact guilty*, as it was determined he was. This is a collateral attack upon the finding of the court, and nothing else. Whether we adopt the rule that this jurisdiction may impeach the Yukon judgment for fraud, or hold that such an attack must be made there, the result in this case is the same; for, if we eliminate the claim that plaintiff was guiltless of the offense of which he was there charged, there remains no testimony in any way tending to show that any fraud was practiced upon the plaintiff. It may be safely stated that, wherever it is held that a judgment of a foreign country may be impeached for fraud, it is maintained that the fraud meant is a fraud practiced in the very obtaining of the judgment. Black, Judgm. § 844.

Had the plaintiff, in lieu of the present proceeding, instituted a suit for malicious prosecution, it would have been essential to show that the proceedings in the Yukon terminated favorably to himself. 19 Am. & Eng. Enc. Law (2d Ed.), p. 685. And this is equally true of a prosecution in a foreign country. *Castrique* v. *Behrens*, 107 E. C. L. 709; *Pratt* v. *Page*, 18 Wis. 337. And while it is said that imprisonment under valid process and for a just cause is duress if such imprisonment is unlawfully used to obtain the contract (*Morse* v. *Woodworth*, 155 Mass. 233 [27 N. E. 1010, 29 N. E. 525]), we are not able to discover in this record any evidence of unlawful use of the process in the Yukon Territory with which defendant was connected. The testimony of plaintiff

shows that he was treated like other persons. No suggestion of a confession was made to him by defendant. On the contrary, the plaintiff, without either consulting his own counsel or the defendant, wrote defendant offering to return the money and drop the thing forever if defendant would get him out of jail. It does not appear that, even after this letter was received, defendant had anything to do with his release. Plaintiff's attorney advised him, and he finally acted upon this advice in pleading guilty to the charge and surrendering the money. If we eliminate the probative force of the plaintiff's testimony that he was not in fact guilty of extortion as charged, we have not a shadow of testimony showing any unlawful or oppressive act of defendant. On this record, verdict for defendant should have been directed.

Judgment will be reversed, and a new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.