OLMSTEAD *v.* MEYERS.

EQUITY—MORTGAGES, FORECLOSURE OF—ENROLLMENT—EVIDENCE.
It is to be presumed that officers of the court perform their duty, and that proceedings taken by them are regular; and hence, on an attempt of complainant, after foreclosure of a mortgage, to secure and enforce a decree for deficiency, the only evidence of enrollment being the entries on the chancery calendar, because of the disappearance of the files, entries thereon showing the report of the commissioner, of the sale, and confirmation of sale, and enrollment of the files on the same date, it was erroneous to deny complainant relief on the ground that the decree of foreclosure had been enforced before enrollment.

Appeal from Berrien; Bridgman, J. Submitted October 10, 1912. (Docket No. 31.) Decided November 8, 1912.

Bill by Melbourne H. Olmstead against William C. Meyers and another to foreclose a mortgage. Complainant filed a petition for a deficiency decree, which was dismissed. Petitioner appeals. Reversed.

*James O'Hara* (*Chester P. O'Hara,* of counsel), for complainant.
*Coolidge, Riford & White,* for defendants.

MOORE, C. J. February 10, 1902, the circuit court in chancery handed down a decree of foreclosure in a suit between the parties hereto, decreeing that there was due to the complainant from defendant William C. Meyers, upon certain notes and mortgages, the sum of $5,119.24, and ordering the defendant to pay this sum on or before February 20, 1902, and in default the mortgaged premises be sold, and containing the usual orders in a foreclosure. The decree also provided that, if upon such sale there should be a deficiency, the said commissioner should specify the amount thereof in his report of sale—

"And that on the coming in and confirmation of said report the defendant William C. Meyers, who is hereby decreed to be personally liable for the debt secured by said mortgage, pay to the complainant the amount of such deficiency, with interest thereon from the date of such report."

Mr. Lawrence C. Fyfe was the solicitor. He died in the fall of 1909. In January, 1912, complainant filed a petition, praying that defendant William C. Meyers be decreed to pay the deficiency. An answer was interposed to said petition, and a hearing had in open court.

The only question before the court was the right of the complainant to a decree for the deficiency and an execution thereon. All the files in the original foreclosure case were missing. The court records were introduced in evidence, and consisted of the chancery calendar entries, the decree of foreclosure, and the order confirming report of sale by the commissioner. The complainant also introduced in evidence the record of a deed made by the circuit court commissioner on a sale of the mortgaged premises on April 7, 1902, wherein the complainant was the purchaser and grantee, and the consideration named was $5,000; also a memorandum found in the office files of Mr. Fyfe, complainant's solicitor at the time, which was in his handwriting and was as follows:

| | | |
|---|---|---|
| Amt. due at sale, decree February 10, 1902 | $5,119 | 24 |
| Interest from Feb. 10, 1902, to date of sale, April 7, 1902, 2 mo. less 3 days | 56 | 71 |
| Taxed costs | 106 | 10 |
| Costs of sale, including printer | 17 | 95 |
| | $5,300 | 00 |
| April 7, 1902.   Bid | 5,000 | 00 |
| Deficiency | $300 | 00 |

Complainant was produced and sworn as a witness, and testified that no part of the deficiency had ever been paid. No proofs were introduced by the defendant. On February 27, 1912, the circuit judge denied the prayer of the

petition, and dismissed the same, with costs, from which decree the complainant appeals to this court.

Among the entries upon the chancery calendar are the following:

"April 7. Filed report of Charles W. Stratton, circuit court commissioner.

"April 7. Entered order confirming report of sale. 'F,' page 570.

"April 7. Enrolled files."

The contention of the solicitors for defendant is stated in the brief as follows:

" In the absence of other testimony we must presume that the sale had been made and the report of the sale filed before the decree and files were enrolled. Under these circumstances all proceedings based upon the report of sale would be void, because in violation of Chancery Rule No. 24, providing ' no process shall be issued or other proceeding had on any final decree to enforce the same, until the same is duly enrolled pursuant to the statute.' "

It is evident the trial court accepted this view of counsel. In doing this we think he was wrong. It will be observed that the entries all bear the same date. In the absence of evidence to the contrary, it has been repeatedly held by this court that it is presumed an officer does his duty and that his proceedings are regular. *Clark* v. *Axford*, 5 Mich. 182; *Peck* v. *Cavell*, 16 Mich. 9; *Blair* v. *Compton*, 33 Mich. 414; *Lymburner* v. *Jenkinson*, 50 Mich. 488 (15 N. W. 562); *Love* v. *Wood*, 55 Mich. 451 (21 N. W. 887); *Knickerbocker* v. *Wilcox*, 83 Mich. 200 (47 N. W. 123, 21 Am. St. Rep. 595); *Coveney* v. *Phiscator*, 132 Mich. 258 (93 N. W. 619).

What we have said upon this point covers the question presented about the taxation of costs.

The decree is reversed, and one may be entered here for the $300 and interest, and costs of both courts.

Steere, McAlvay, Brooke, Kuhn, Stone, Ostrander, and Bird, JJ., concurred.