## Chapeleu, to use of Crystal, v. Tokar.

*Judgments—Foreign judgments—Effect—Defence—Denial of jurisdiction —Affidavit of defence—Sufficiency.*

1. Suit having been entered in Philadelphia County upon the record of a judgment against the defendant in a court of the Province of Quebec, District of Montreal, an affidavit of defence which seeks to challenge the jurisdiction of the Canadian court, with evasive allegations that the defendant was not in the province when suit was brought or judgment entered, is not sufficient to prevent judgment.

2. It having been made to appear that the contract at the base of the Canadian judgment was one that involved real properties and tenancies in Montreal, the presumption in favor of the jurisdiction of the Canadian courts is strong.

3. *Semble.* Defendant, in addition to denying service, should have denied that he was a citizen or resident of the province or had subjected himself to its law.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 2, Phila. Co., March T., 1922, No. 8708.

*Levinthal & Small* and *Christian A. Small* (of the Columbia County Bar), for rule.

*Henry Saxe* and *Michael Saxe*, contra.

ROGERS, J., Aug. 4, 1922.—This suit is brought upon the record of a judgment against the defendant, obtained in the Superior Court for the Province of Quebec, District of Montreal, Canada. The plaintiff here is the assignee of the judgment creditor. The original action was based upon a promissory note given by defendant for $700, dated April 22, 1915, and payable one year after date, with interest at 6 per cent. Judgment in the amount of $742, with

interest from May 4, 1916, was entered at Montreal on Dec. 5, 1921, in default of appearance of defendant.

The statement of claim set forth the record of the Superior Court at Montreal, duly certified by the deputy prothonotary, who is identified as the custodian of the record by the certificate of a judge under the official seal of the court. The plaintiff in his statement avers that payment has not been made, and that the amount of the judgment, together with interest and costs, is due and owing by the defendant. The plaintiff has taken a rule for judgment for want of a sufficient affidavit of defence.

In his affidavit of defence the defendant admits the execution of the note and that it has not been paid, but denies liability on the judgment, alleging that he was not in Montreal at the time that the suit was pending or when judgment was entered, and that he was not served with the summons or any actual notice of the suit, and that, therefore, the Superior Court for the Province of Quebec did not have jurisdiction in the matter. This is not sufficient. It evades such a question as the defendant's citizenship and residence in the Province of Quebec, in which province the City of Montreal is situated, or whether the defendant had subjected himself to the law of Quebec. The contract at the base of the Canadian judgment involved real properties and tenancies in Montreal, and the presumption in favor of the jurisdiction of the Canadian court under such circumstances is strong. The defendant merely avers in an evasive way that at a time later than the contract, namely, when suit was brought in the Province of Quebec, or when the Quebec judgment was entered, he was not there. This is not enough.

The question of jurisdiction is sometimes close, as is shown in the illustrations given in Dicey on the Conflict of Laws (3rd ed., 1922), but nothing has really been urged by the present defendant to negative the presumption of jurisdiction. Reference may be made to several cases of interest in this connection, namely, Schibsby v. Westenholz, L. R., 6 Q. B. 155; Copin v. Adamson, L. R., 9 Exch. 345; Hilton v. Guyot, 159 U. S. 113, and to Ouseley v. Lehigh Valley Trust and Safe Deposit Co. (C. C.), 84 Fed. Repr. 602. See 2 Black on Judgments (2nd ed., 1902), 836.

In Dicey on Conflict of Laws (3rd ed., London, 1922), chap. XIII, that author states, at pages 393-394, as follows: Rule 95. In an action in personam in respect of any cause of action, the courts of a foreign country have jurisdiction in the following cases:

"1. Where the defendant is, at the time of the judgment in the action, a subject of the sovereign of such country.

"2. Where the party objecting to the jurisdiction of the courts of such country has, by his own conduct, submitted to such jurisdiction, i. e., has precluded himself from objecting thereto by appearing as plaintiff in the action, or by voluntarily appearing as defendant in such action, or by having expressly or impliedly contracted to submit to the jurisdiction of such courts."

For these propositions, the author cites English cases. On the second proposition he cites Copin v. Adamson (1875), 1 Ex. D. (C. A.) 17; Vallee v. Dumergue (1849), 4 Ex. 289; Bank of Australasia v. Harding (1850), 9 C. B. 661; Bank of Australasia v. Nais (1851), 16 Q. B. 717; Neeus v. Thellusson (1853), 8 Ex. 638; Kelsall v. Marshall (1856), 1 C. B. (N. S.) 241. Conf. Emanuel v. Symon (1908), 1 K. B. (C. A.) 302; Jeannot v. Fuerst (1909), 25 T. L. R. 424. And see Dicey, 404, et seq., where the illustrations show the closeness of the question at times.

The American law has followed the English, according both to 2 Wharton on Conflict of Laws (3rd ed., 1905), § 653, and 23 Corpus Juris, title Judg-

2 D. & C.

ments, 1606. "The doctrine now almost universally prevails in this country that such a (foreign) judgment, if it was rendered by a court of competent jurisdiction, and if it was free from fraud, is conclusive on the merits and not open to review or re-examination, unless some special ground for impeaching it be shown. But the rule does not apply to a judgment of an inferior or petty court of another country, it being held that such a judgment is not conclusive:" 23 Corpus Juris, 1606. See Ritchie v. McMullen, 159 U. S. 235; Barrow v. West, 23 Pick. 270; Coveney v. Phiscator, 132 Mich. 258; Lazier v. Westcott, 26 N. Y. 146. And see 23 Cyc., 1608-1609.

There is some averment of fraud by this defendant, but the averment has to do with the original transaction as to values of tenancies, etc., and not to the proceedings in the foreign court. How far any defence can be made here on the merits, under such circumstances, need not be considered under the present pleadings, although see Wharton on Conflict of Laws, 1406; Hilton v. Guyot, 159 U. S. 113; Dicey on Conflict of Laws (ed. of 1922); 23 Cycl. of Law and Procedure, last article, Judgments, 1590. In "Cyc." it is said: "A defence founded on the fraudulent character of the cause of action or subject-matter of the original suit is not admissible," referring to suits on judgments in a sister state, and citing, among other cases, Jeter v. Fellowes, 32 Pa. 465. It will be noticed, however, that the Pennsylvania case cited does not afford much support to the text quoted from Cyc., since the fraud was inquired into in the sister state before the entry of judgment there. Rule absolute.