## Case No. 3,081.

### COMSTOCK v. CARNLEY et al.

[4 Blatchf. 58.][1]

Circuit Court, S. D. New York. May 5, 1857.

PROOF ᵒᶠ DOCUMENTS — INTERESTED WITNESS — PROVINCE OF JURY.

1. Where a witness examined by deposition, taken ex parte, under the act of congress [1 Stat. 88], on the ground that he resided more than one hundred miles from the place of trial, produced before the officer who took the deposition a copy of an original paper, to which he had access, and from which he took the copy, and testified that it was a correct copy, but the original was not produced before the officer: *Held*, that the proof was not competent evidence of the contents of the original paper.

2. The proof was no higher than parol evidence of a written instrument, the original of which was in existence.

3. J. contracted with R. to build a railroad for R., and to take in pay the bonds of R., which were to be advanced to J. on his giving security to apply the proceeds to the construction of the road. C. became such security. J. received the bonds and purchased goods with their proceeds. The goods were attached as the property of J., under process issued against him by D., a creditor of his. C. then sued D., in trover, for the goods, claiming that the bonds and the goods had been assigned to him, as his indemnity for becoming such security, by J., and were his property, until applied to the construction of the road. On the trial, J. was examined as a witness for C. *Quaere*, whether J. was a competent witness for C. *Semble*, that he was not, because, if the verdict should be for D., J. would not only be liable to C. for the property, but, as principal in the transaction, would be bound to indemnify C. for the expenses of the litigation, and thus the balance of interest would be disturbed.

4. It was a question of fact for the jury, whether the goods did not belong to J., and not to C.

At law. This was an action of trover brought to recover the value of certain property seized by the defendant [Thomas] Carnley, as sheriff, by virtue of a process of attachment issued out of a state court, against one Darius C. Jackson, in favor of the defendant [Don Alonzo] Cushman. [Addison J.] Comstock, the plaintiff in this suit, claimed to have been the owner of the property. Several questions were reserved at the trial, and a verdict was rendered for the plaintiff, subject to the opinion of the court. Jackson and his partners, of Elyria, Ohio, had entered into a contract with the Junction Railroad Company in that state, to construct a portion of their road, and, among other things, agreed to take bonds of the company and other corporations in payment for the work. A certain amount of the bonds was to be advanced to the contractors, on their giving security for the application of the proceeds to the construction of the road. It was claimed that Comstock gave the security, but insisted, as an indemnity to him, that the bonds, and also the goods purchased with any of their proceeds, should be as-

signed to him, and should be deemed as belonging to him, until applied in the way agreed. The goods in question were purchased with the proceeds of some of the bonds, some portion in the name of Comstock, the rest in the name of the firm of Jackson. All the goods were purchased by Jackson. One of the bonds was also attached in the possession of Jackson. The case turned a good deal on Jackson's deposition taken under the act of congress ex parte, he residing more than one hundred miles from the place of trial.

NELSON, Circuit Justice. The first question presented is, whether or not Jackson's deposition furnishes competent proof of the suretyship of Comstock, in behalf of Jackson's firm, to the railroad company. This proof is quite material, as it lays the foundation of the title of Comstock to the property in question. The original writing securing the company was not produced before the United States commissioner, and proved, but only a copy, which Jackson testified was a correct copy. That copy is annexed. I think the proof produced incompetent. It was no higher than parol evidence of a written instrument, the original of which was in existence. The original was in the hands of the railroad company, where as I understand from the deposition, Jackson examined it and procured the copy which he produced before the commissioner. The original should have been produced and proved before the officer, and he should have annexed a true copy, in returning the deposition to the court. Or, if Jackson could not have obtained the original, it was competent to examine the officers of the company in whose custody the paper was. Steinkeller v. Newton, 9 Car. & P. 313.

I entertain strong doubts, also, as to the competency of Jackson as a witness for the plaintiff. His competency is put upon the ground that his interest is neutralized—that is, that he is liable whichever way the case may result. But, I am inclined to think, that, as the case stands, if the verdict should result in favor of the defendants, Jackson would not only be liable to Comstock for the property, but, as principal in the transaction out of which the litigation has arisen, would be bound to indemnify Comstock, his surety, for the expenses of the litigation. This would disturb the balance of interest. It is not necessary, however, to express a definitive opinion upon this question, as there must be a new trial, and the determination of the point will depend upon the facts as they may appear upon that trial.

The case is one, also, that should have been put to the jury upon the question of fact, whether or not, under the circumstances attending the purchase of the goods in question, and the dealings with the bonds, the property did not belong to Jackson's firm, and not to Comstock, the plaintiff.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

The case properly presented this question, and it belonged to the jury to determine it.

For these reasons, there must be a new trial, with costs to abide the event.