[No. 12044.   Department One. — December 20, 1890.]

## CHARLES FORD ET AL., RESPONDENTS, *v.* JAMES F. CUNNINGHAM ET AL., APPELLANTS.

EVIDENCE — PRESS COPIES OF LETTERS. — Press copies of letters are the best evidence, next to the originals themselves; and where such copies are shown to exist, it is error to allow oral evidence as to their contents.

ACTION AGAINST PARTNERSHIP — SALE TO INDIVIDUAL PARTNER — EVIDENCE — BOOKS OF ACCOUNT. — Where a partnership is sued for barley sold to one of the firm individually, the account-book of the copartnership, admitted to be a book containing original entries, and showing that there was no item of barley in the account of the defendants with the plaintiffs, is admissible in evidence, in connection with the testimony of one of the partners that the book showed the true state of accounts between the plaintiffs and the defendants, and that the items therein contained had been entered at the time of the several transactions therein mentioned.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop, J. M. Lesser,* and *Spalsbury & Burke,* for Appellants.

*A. S. Kittredge,* for Respondents.

THE COURT. — The only question litigated in the court below was, whether the barley was sold by the plaintiffs

to the defendant Cunningham, or to the firm of Cunningham & Co., of which he was a member.

The appellants contend that the evidence is insufficient to support the findings, but we think there was sufficient evidence on behalf of the defendants to create a substantial conflict, and under the well-established rule we should not interfere with the findings of fact.

The plaintiffs, to establish their case against the copartnership, relied mainly on documentary evidence, some of which they claimed was in possession of the defendants, who were asked, at the trial, to produce the same.

Mr. Morey, one of the plaintiffs, was permitted by the court to state the contents of certain bills and letters which he claimed had been addressed and sent to Cunningham & Co. Objection was made by the defendants to the introduction of oral testimony as to the contents of the bills and letters, and the objection was overruled. We think the court erred in its ruling. The witness stated that he had no personal knowledge that the communications addressed to Cunningham & Co. were mailed, except that copies thereof appeared in the plaintiffs' copy-book, and that it was a general custom of his firm to place letters in a box in the store, from which they were taken to the post-office. No foundation, therefore, was laid for the introduction of the evidence. Assuming that secondary evidence could, under such circumstances, be introduced, the press copies were the best evidence, next to the originals themselves. The ruling was on a material matter, because the defendants testified that they never received the communications referred to. (*Brailsford* v. *Williams*, 15 Md. 150; 74 Am. Dec. 562.)

Mr. Middleton, one of the defendants, was called as a witness, and identified the ledger of the copartnership, showing the account of Ford & Co. with Cunningham & Co. from September 1, 1884, to the date of trial. It

was admitted by the plaintiffs that the entries therein were original entries, but they objected to the introduction of the same as evidence, on the ground that it was irrelevant, immaterial, and incompetent.   The objection was sustained by the court, to which ruling the defendants excepted.   There was no item of barley in the account offered.   The ruling, we think, was error.   The witness had stated that the ledger showed the true state of account between plaintiffs and defendants, and that the items had been entered by him at the time of the several transactions therein mentioned.   (*Landis* v. *Turner*, 14 Cal. 573.)

Judgment and order reversed, and cause remanded for a new trial.

Hearing in Bank denied.