PHILLIPS *v.* UNITED STATES BENEVOLENT SOCIETY.

SECONDARY EVIDENCE—FOUNDATION—DEGREE.

\* Parol evidence of the contents of a written instrument which is beyond the jurisdiction of the court, and which has not been lost or destroyed, is inadmissible, in the absence of any evidence excusing the failure to produce either the original or a copy thereof. MONTGOMERY, C. J., and HOOKER, J., dissenting.

On rehearing of case reported in 120 Mich. 142 (79 N. W. 1). Former decision affirmed November 13, 1900.

GRANT, J. Soon after the former opinion in this case was handed down (see 120 Mich. 142 [79 N. W. 1]), a suggestion was made that our holding in point 4 of the opinion was an erroneous statement of the law. A rehearing on that point was ordered, and counsel requested to furnish briefs thereon, as the point was not argued nor any authorities cited in the original briefs. The defendant has furnished no brief, and plaintiff did not furnish one until June 2, 1900. A re-examination of the record shows that this precise point was not raised. The objection was that the testimony was incompetent and imma-

\* Head-note by GRANT, J.

terial. The witness called to prove the contents of the application was the local secretary of that organization in Owosso. He testified that the application and medical examination had been sent to Toronto, Canada. It was not shown that he had seen or read the application. The testimony was therefore properly excluded. Inasmuch, however, as the question will arise upon a new trial, we will dispose of it.

Defendant did not produce a sworn or certified copy of the application. It made no attempt to produce one by deposition or otherwise. It sought to rely upon the memory of the secretary, who probably is daily receiving similar applications, and forwarding them to the home office in a foreign country. The danger and injustice of this sort of proof are patent. If secondary evidence is admissible because the original is without the jurisdiction of the court, certainly the best secondary evidence should be required, and that would be a sworn or certified copy. Among the cases I have found and examined, I do not find one in which testimony of this character was admitted. They are all cases where sworn or certified copies were presented, or where copies were attached to depositions, the witness having sworn that he had examined and compared the copy with the original, or where a copy was shown to be in the possession of the opposite party. This rule is founded in common sense. It is manifest that the defendant could have procured this evidence. Instead it seeks to rely upon the fallible memory of one to testify to its contents who was not shown to have even read it. If, however, it had been shown that he had read it, it is unfair to a litigant who has no notice of the production of the writing, and no opportunity to meet the unreliable testimony suddenly sprung upon him.

In *Knickerbocker* v. *Wilcox*, 83 Mich. 200 ( 47 N. W. 123, 21 Am. St. Rep. 595 ), it was said: "Presumably, therefore, it [the bond] was out of the jurisdiction of the courts of this State, and secondary evidence of its contents

was admissible." That was an action of *assumpsit* upon a written undertaking to indemnify the plaintiff against all harm by reason of his signing a replevin bond in a suit brought at Elkhart, Ind. Transcripts of two judgments in the Indiana court were received in evidence. Objection was made that there was no evidence that plaintiff had signed a replevin bond as requested by defendant, and that it was incumbent upon plaintiff to show the original bond, and that he had in fact executed it. A copy of the bond was found in the transcript of the suit which was brought on it, and there was the testimony of two parties that the same was a true copy of it. It was shown that the original bond had been delivered to the sheriff in Indiana, and had been sued upon by another person in that State.

It was said by Justice CAMPBELL in *People* v. *Lambert*, 5 Mich. 360 ( 72 Am. Dec. 49 ):

" The general rule is well settled that parol evidence of the contents of a written document cannot be given. The exceptions are where the original is lost or destroyed. The fact that a paper or entry belongs in a public office, and cannot be removed, has never been allowed to open the door to parol evidence. The reason of the law requires the best evidence to be produced which the nature of the case will admit of."

In *People* v. *Seaman*, 107 Mich. 348 (65 N. W. 203, 61 Am. St. Rep. 326), it was held competent to introduce parol evidence of a cablegram which was without the jurisdiction of the court, where an effort had been made to obtain it.

The authorities are not uniform. Some cases hold that an effort must be made to produce the original or account for its absence. Others seem to hold that it is sufficient to prove the absence of the writing from the jurisdiction of the court. Authorities will be found collated in 1 Greenl. Ev. § 563e, and notes. Secondary evidence was held inadmissible in the following cases: Where books of account were taken by a partner, whose whereabouts were not dis-

covered by inquiries made a few days before the trial. *Waite* v. *High,* 96 Iowa, 742 (65 N. W. 397). Where a person having a private letter was beyond the jurisdiction of the court, and refused to deliver it up when requested by a person who did not disclose the purpose for which it was wanted. *Boyle* v. *Wiseman,* 10 Exch. 647. Where a writing was in the possession of one's assignees in another State. *Townsend* v. *Atwater,* 5 Day, 298. Where a writing was not shown to have been lost or destroyed, and was shown to have been last in the hands of a person outside the State. *Wood* v. *Cullen,* 13 Minn. 394. Where letters were written to a man in Ireland, and there was no proof to account for their absence, or that plaintiff had made any effort to produce them. *Farrell's Adm'r* v. *Brennan's Adm'x,* 32 Mo. 328 (82 Am. Dec. 137).

Where the original writing was in the hands of a railroad company, and the witness, whose deposition was taken by a commission, made a copy, and annexed it to his deposition, it was held that—

"The original should have been produced and proved before the officer, and he should have annexed a true copy in returning the deposition to the court, or, if Jackson [the witness] could not have obtained the original, it was competent to examine the officers of the company in whose custody the paper was." *Comstock* v. *Carnley,* 4 Blatchf. 58 (Fed. Cas. No. 3,081).

The sound and sensible rule is stated by Justice Story in *U. S.* v. *Britton,* 2 Mason, 464, 468 (Fed. Cas. No. 14,650), as follows:

"I take the rule to be universally true, and applicable as well to criminal as civil proceedings, that the best evidence the nature of the case admits of, and that is within the reach of the party, is always to be produced; for the law will never suffer secondary evidence to be admitted when there is better behind and within the power of the party. If, therefore, an instrument is to be proved, the original, if in the possession or control of the party, is to be produced. If the original be lost or destroyed, or in

the possession of the opposite party, who refuses to produce it, an examined copy, if any such exists and can be found, is the next best evidence, and must be produced. If no such copy exists, then the contents may be proved by parol evidence, by witnesses who have seen and read it, and can speak pointedly and clearly to its tenor and contents."

See, also, 21 Am. & Eng. Enc. Law (1st Ed.), 992.

In an opinion written by Chief Justice Marshall it is said:

"The rule of law is that the best evidence must be given of which the nature of the thing is capable; that is, that no evidence shall be received which presupposes greater evidence behind in the party's possession or power." *Tayloe* v. *Riggs*, 1 Pet. 591, 596.

In *Ford* v. *Cunningham*, 87 Cal. 209 (25 Pac. 403), it was held that press copies of letters are the best evidence, and, where such copies are shown to exist, it is error to allow oral evidence of their contents.

If the defendant could not produce the original of the application, it could undoubtedly obtain a sworn copy of it by deposition or otherwise, but it made no attempt to do either.

In *Platt* v. *Haner*, 27 Mich. 167, parol evidence of the contents of a United States patent which had been lost, or was not accessible, was held to be inadmissible. It was further held that proof by exemplification from the general land office should have been obtained.

I am not unmindful of the language of the court in *Eslow* v. *Mitchell*, 26 Mich. 500, wherein it is said:

"There is no rule of law that requires secondary evidence to be of one kind rather than another, where the writing is a private writing, and no counterpart is legally presumed or required to exist."

The facts to which that language was applied are that the writing was lost, and a copy of it was in the hands of Mitchell, the plaintiff below. That statement was not necessary to the decision of the case, because the party

had proved the loss of the instrument, and the opposite party might have produced the best secondary evidence by introducing the copy. In less than two years thereafter, Justice CHRISTIANCY, in *Day* v. *Backus*, 31 Mich. 241, said:

"Without reference to the much-mooted question whether there are any degrees of secondary evidence, or whether mere parol evidence of the contents of Day's letter could be given so long after it was written, when it was shown that three copies were taken by disinterested persons immediately after it was received (which, for myself, I think was the best evidence [*Eslow* v. *Mitchell*, 26 Mich. 500]), I think," etc.

From the opinion it appears that the question was not regarded as settled by the former case. I have found no case in this court where the precise question is squarely presented as it is in this case. I find several where copies were produced. To me it seems so eminently just that the copy should be produced, rather than to leave the contents of the paper to the uncertain memory of those who once read the writing, that I am for holding the rule to be that the party must produce a sworn copy, when it is practicable to do so.

It is only necessary for us to hold in this case that the parol testimony offered was inadmissible. Our former opinion, therefore, stands affirmed.

MOORE and LONG, JJ., concurred with GRANT, J.

MONTGOMERY, C. J. (*dissenting*). I think that the rule that there are no degrees in secondary evidence was established in *Eslow* v. *Mitchell*, 26 Mich. 500, and that it is applicable to this case.

HOOKER, J., concurred with MONTGOMERY, C. J.