HAYNES AUTOMOBILE CO. *v.* SHEPHERD.

1. BILLS AND NOTES—DISHONOR—NOTICE—BANKRUPTCY OF MAKER.
    That the maker of a note was bankrupt on the due date,
    and that the indorser had knowledge of that fact and
    of the financial condition of the maker, did not relieve
    the holder of the requirement to give notice of dishonor.

2. SAME—WAIVER.
    Where, about the time a note was due, the indorser was
    informed by the holder's agent that it was paid, and was
    not informed to the contrary until upwards of a year
    afterwards, it cannot be said that notice of its dishonor
    was waived.

Error to Wayne; Mandell (Henry A.), J.   Submitted June 16, 1922.   (Docket No. 55.)   Decided October 2, 1922.

Assumpsit by the Haynes Automobile Company against Marion M. Shepherd and George A. Devlin upon a promissory note.   Judgment for defendants on a directed verdict.   Plaintiff brings error.   Affirmed.

*Barbour, Field & Martin (Henry C. L. Forler,* of counsel), for appellant.

*Clark, Emmons, Bryant & Klein,* for appellees.

CLARK, J.   Plaintiff, an Indiana corporation, received of the Devlin Company, a Michigan corporation, a note:

"$1000.                    DETROIT, MICH., June 23, 1917.
    "Sixty days after date I promise to pay to the Haynes Automobile Company, or order, one thousand

and no-100 dollars, at Kokomo, Ind.    Value received
with 6 per cent. interest per annum.
                              "The Devlin Company,
                              "By Lyle A. Devlin.
"Indorsed:
    "Marion M. Shepherd,
    "George A. Devlin."

This was the last renewal of a note originally $5,000.
Lyle A. Devlin was president of the Devlin Company
and managed its affairs.    George A. Devlin, father
of Lyle, was vice-president but not actively connected
with the management.    He devoted his time to the
business of another company.    The other indorser,
Marion M. Shepherd, was not associated with the
maker of the note in any capacity.    The Devlin Com-
pany was indebted also to plaintiff on open account.
Shortly before the making of the note, the Devlin
Company being in financial difficulties, Mr. Watson
of plaintiff company, by agreement between the maker
and the payee, came to Detroit, and assumed manage-
ment of the business of the Devlin Company.    This
was in the interest of plaintiff, for its protection, and
to effect payment of the amounts due it, and in this
Watson was aided and assisted by Lyle A. Devlin.
Just prior to the making of the note the indebtedness
was reduced by credits for advertising and for de-
fective parts and by return of new parts, but dealing
was continued after the making of the note.    The
due date of the note was August 22, 1917.    It is fairly
established by the record that at least during the
month of August it was the belief of Watson and of
both the Devlins that the note was paid, and that
George A. Devlin was so advised by Watson.    On
August 7th, the Devlin Company, after full conference
and consideration by the Devlins, contemplated bank-
ruptcy, and on that day, at the suggestion of Lyle A.
Devlin, Watson wired plaintiff:

"DETROIT, MICH., Aug. 7, 1917.
"HAYNES AUTO CO.,
   "Kokomo, Ind.
   "Devlin Company in bankruptcy for our interest mail special delivery to me canceled note $1,000 paid by audits [credits] better get account cleared up quick.

"C. L. WATSON."

The record shows no response to this telegram or other communication to Watson, the Devlins, or the maker until upwards of a year later, though the treasurer of plaintiff caused the note to be stamped "canceled" in preparation for its return, but did not return it for the reason, as he says, that he learned that it was not paid.    A petition in bankruptcy was filed by creditors against the Devlin Company.    The appointment of a receiver and an adjudication followed.    For upwards of a year following plaintiff filed no claim in such proceeding.    This suit is against the indorsers.    The defense is that there was no notice of dishonor.    It is conceded that no notice was given and that therefore defendant Shepherd is released.    The trial court directed a verdict in favor of defendant Devlin and judgment thereon was entered. Plaintiff brings error.

It was contended in the trial court that the case was ruled by the negotiable instrument act of Indiana, but counsel seem to agree that the statutes of the States respecting the question presented are identical and the case is here argued with citation of our statute and, in the main, our decisions.    That the maker was bankrupt on the due date of the note, and that the indorser had knowledge of that fact and of the financial condition of the maker, did not relieve plaintiff of the requirement respecting notice of dishonor.    2 Daniel on Negotiable Instruments (6th Ed.), §§ 1171, 1172, and cases cited.

Indorser Devlin was not "the person to whom the

instrument is presented for payment" to bring the case within the second exception of section 6156, 2 Comp. Laws 1915, considered in *Whitney* v. *Chadsey*, 216 Mich. 604, cited by counsel.

*Bessenger* v. *Wenzel*, 161 Mich. 61, and *Gelder* v. *Welsh*, 169 Mich. 490, are also cited and discussed. As to failure to give notice of dishonor those cases turned upon the proof of waiver. The record here is barren of anything to indicate waiver of notice of dishonor by the indorser. The belief of the maker and the indorser Devlin that the note was paid, and the telegram to plaintiff, do not square with the claim of waiver.

Judgment affirmed.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.