ANNIE B. WOODS v. WILLIAM BURKE.

*Evidence—Copy of contract*

In the absence of proof of the loss of the original, or its destruction, or that it is not within the jurisdiction of the court, a *copy* of a land contract offered in evidence is properly excluded.

Error to Mecosta.  (Fuller, J.)   Argued November 2, 1887.   Decided January 5, 1888.

Forcible detainer.   Complainant brings error.   Affirmed. The facts are stated in the opinion.

*Jennings & Mann,* for appellant.

*D. F. Glidden* and *Frank Dumon,* for defendant.

SHERWOOD, J.   The plaintiff commenced her action before a circuit court commissioner to recover possession of

lots Nos. 16, 17, 21, and 22, in block 10, in Warren & Bronson's First subdivision of the city of Big Rapids, on which was situate an hotel known as the "Commercial House."

The defendant obtained judgment, and plaintiff appealed to the circuit, where on the trial a like judgment was obtained, and the plaintiff now seeks a review in this Court.

Two errors are assigned upon the record.

1. That the court refused to admit in evidence a copy of a certain contract for the purchase of the lots.

2. That the court erred in rendering judgment, "that defendant is not guilty of unlawfully holding the premises described in the complaint against the rights of the complainant."

The testimony in the case was all offered by the plaintiff, from which it appears, or rather there was testimony given tending to show, that Hannah T. Gray sold the premises in question to Spencer Preston by contract, who transferred his interest under the contract to John T. Clark and John Woods, the husband of the plaintiff; and that John Woods transferred his interest in the property, and his undivided half interest in the furniture in the hotel, to the defendant, Burke.

Clark and Woods were in possession of the property when Woods sold to Burke, as tenants in common under the original contract for the purchase of the same. Burke was to give $2,000 for the interest he purchased, and paid all but $333.33.

Woods made his transfer to Burke in 1883, and in 1884 Woods assigned his interest in his contract of assignment to Burke, and in the original contract from Gray to Preston, to Clark, who assigned the same to Mrs. Doyle, and she, on the second day of May, 1885, assigned her interest thus acquired in the property to Mrs. Annie B. Woods, the plaintiff. The

defendant agreed, in addition to the $2,000 paid for his interest, that he would keep up the payments on the Gray-Preston contract.

The complaint in this case alleges that the defendant holds possession of the real estate in question—

" Contrary to the conditions and covenants of an executory contract for the purchase thereof."

On the trial it was substantially admitted that Burke was not in default in making payments upon the original contract held from Gray, but that the default relied upon was the failure of Burke to pay for the furniture, as he had agreed in the assignment from Woods to him.

The question, however, whether or not the right to recover possession under the contract claimed can be maintained, we are prevented from considering.

That contract includes the original contract for the purchase of the hotel property of Mrs. Gray, and the latter was properly excluded by the court, or rather the evidence offered to prove it. It was attempted to introduce a copy, without first proving the loss of the original or its destruction, or that it was not within the jurisdiction of the court, and the copy was properly excluded.

Enough was shown to establish the fact that Burke went into possession of the property under the original contract by virtue of Woods' assignment, and that he had never forfeited his right to such possession. From the record it would appear that the defendant was rightfully in possession of the premises as against any claim made by the plaintiff, and the judgment must be affirmed.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.