## ALLEN v. ALLEN.

PARTITION—COMMISSIONERS.—Five commissioners were appointed to partition land, went upon the premises but failed to sign a return. Two of them afterwards insisted the majority agreed then on a valuation and an assignment, and two others denied the agreement on valuation, the one one time agreeing with the first two and again with the last two. The last three signed a return assigning the land to the cotenant agreed on, but at a less price than contended for by first two, without going again on the premises, without notice to the other two, and without coming together, signing at different times and places: *Held,* it was not abuse of discretion to confirm the report and to decline to enter into a trial of the issue of partiality and unfairness. What must be shown to annul a return of commissioners stated.

Before GARY, J., Sumter, April, 1906. Affirmed.

Motion to confirm return of commissioners in partition in case of Washington Allen *et al.* against Margaret Allen *et al.* From order confirming return, plaintiffs appeal.

Mr. *A. B. Stuckey,* for appellant, cites: 19 Ency., 465; 52 S. C., 72; 28 S. C., 521.

Mr. *L. D. Jennings,* contra, cites: 16 S. C., 501; 14 S. C., 458; 30 S. C., 459; 1 McM., 63; 2 Spears, 654.

April 5, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an appeal from an order confirming the return of commissioners appointed to make partition of the land of the estate of B. Manley Allen among his heirs-at-law. Three of the commissioners, Carson, Cuttino and Mellett, signed the return setting forth that the land, consisting of a single tract of about sixty-five acres, could not be divided without injury to the parties, and assigned it to the widow at an appraised value of nine hundred and seventy-five dollars.

The plaintiffs opposed the confirmation of the return on account of alleged irregular or improper conduct of the three commissioners who signed it. To sustain the objection an affidavit of commissioners Brownfield and Stuckey was submitted, in which they say, when the commissioners met on the land they all agreed to assign the land to the widow at an appraisement of thirty dollars per acre; but when commissioner Cuttino drew from his pocket a blank return prepared by defendants' attorney, the deponents, Brownfield and Stuckey, refused to proceed further. They thus set forth in the affidavit the reasons of their action and the subsequent course of the matter: "These commissioners felt that they had not been dealt with fairly by the commissioner, Cuttino, in making it appear that he had no instruction to be followed prior to his undertaking to act under the writ herein; whereas, he carried in his pocket to the premises the

prepared return wherein the property was to be turned over to a certain defendant, which amounted to instructions as these commissioners inferred, and they were displeased at such action, and further determined that it was not fair to the attorney for the plaintiff to sign a return which had been wholly prepared by the defendant's attorney without first consulting with plaintiffs' attorney in the case, and commissioner Brownfield suggested that the writ be returned to the Clerk of Court without action.

"Mr. W. Dukes Carson, who had agreed with the other two commissioners, Cuttino and Mellett, to value the land at thirty dollars, also objected to Mr. Cuttino's action in producing a prepared return, and refused to sign the return upon that ground, whereupon commissioner Brownfield offered a resolution that the writ be returned to the Clerk of the Court without action. To this resolution a majority of the board, namely W. Dukes Carson, R. J. Brownfield and F. S. Stuckey voted aye, and instructed Mr. Cuttino to return the writ to the Clerk of Court.

"That these two deponents have since been informed that the same blank form which had been returned by the commissioner Cuttino has been signed by the three commissioners Cuttino, Mellett and Carson, and are further informed that these three commissioners had no subsequent meeting among themselves, and deponents are certain that they had never had any notice of any subsequent meeting of the board, nor did they know of any purpose to make a return by the three who have signed the same, until after it was signed and filed with the clerk herein.

"Since the above was typewritten and before signing the same, commissioner R. J. Brownfield has seen W. Dukes Carson, and has obtained from him a written statement of the facts herein as remembered by him, which written statement is hereto attached as a part of this affidavit."

The letter of Carson to Brownfield, after setting out in detail the plans suggested by the several commissioners, continues: "After further consideration, it was agreed by

and between Messrs. Carson, Cuttino and Mellett, a majority of the commissioners, to turn the land and premises over to Mrs. Margaret L. Allen at thirty dollars per acre. The minority of the commissioners, Brownfield and Stuckey, agreed to sign a return to this effect, but when proposed to sign the return disposing of the land as above, the chairman, Brownfield, suggested that there was some irregularity in a prepared return produced by Mr. Cuttino, which Mr. Cuttino had denied having in the beginning of our proceeding, and which seemed to the chairman in violation of the rule among the attorneys, and not fair to the attorney for the plaintiffs in this case. The chairman suggested a resolution in substance as follows, to wit: That the writ be returned to the Clerk of Court with the statement that the commissioners had declined to sign the return as formerly prepared by the defendants' attorney.

"Mr. Carson seconded and put the motion. By a majority vote the return was not returned by the commissioner on the ground of a supposed irregularity on the part of Mr. Cuttino, and it was very well understood that in failing to act it was solely for this reason, and not because the commissioners had erred in the value of the land."

In support of the return, defendants submitted an affidavit signed by *Carson,* Cuttino, and Mellett, in which they say the other commissioners would not agree to any return which did not contemplate a sale of the land; and gives this account of their own actions and conclusions: "After making a careful inspection of the premises and taking into the estimate the settlement and all of the best land on the premises, including the portion of the tract that is almost worthless, they reached the conclusion that nine hundred and seventy-five dollars would be the full value of the premises, being satisfied after going over the premises that there are not more than 65 acres altogether.

"We deny that we have agreed to appraise the land at thirty dollars per acre, and recommend that the same be. turned over to the widow, Mrs. Margaret L. Allen. We

32—76

deny that we voted for or offered any motion to ask the Court that a new board be appointed. We did not adjourn because we could not agree, but we did not know at the time that a majority of the board had a right to make a return, and when we subsequently found that a majority of the board had a right to make a return, we then without solicitation from anyone signed the return and fixed the value at what we believed to be a full price for the premises.

"While we were not together when the return was signed, yet the amount fixed for the return was the amount that we tried to get the other commissioners to agree upon on the day that we were present at the premises. If we had known that we had the power to make a return without all of the commissioners signing the same we would have made the same return on the day that we met upon the premises."

In *Yates* v. *Gridley*, 16 S. C., 498, 501, an effort was made to set aside a sale made in pursuance of a return of commissioners in partition on these grounds among others: "Because only two of the commissioners of the three named in the writ acted, the third never having been called upon to join in the performance of the duty imposed, and also because it appeared that the two who signed the return, never went upon the land, or held any conference with each other, but separately signed the return recommending a sale." In deciding the first point the Court said: "The acts authorizing the appointment of commissioners in such cases expressly provide for the execution of such writs by the appointees or a majority of them. Here three were appointed, and two acted; this was within the acts." As to the second point, the Court held the judgment should not be set aside for failure of the commissioners to meet on the land, if it appeared that they were acquainted with it.

Even if we accept defendant's version of the facts, it means nothing more than that all of the commissioners met and agreed on assigning the land to Mrs. Margaret L. Allen at thirty dollars per acre, but refused to make a return to that effect; and that three of them, constituting a majority,

subsequently agreed on a different valuation and made a return accordingly without notifying the other commissioners. The action of a majority of such commission in undertaking to dispose of the matter entrusted to them without notice to the others might, in some circumstances, be regarded by the Court as giving such color to the charge of unfairness or collusion as to require investigation by reference to the master or otherwise.

In this case all of the commissioners gave their versions of what had been done; and even if the affidavit of the minority standing alone be regarded sufficient to cast doubt on the fairness and impartiality of the other commissioners, opposed to it is the affidavit of the majority according to which their action was fair and legal. We cannot say the Circuit Judge decided against the preponderance of the evidence in taking the sworn statement of the majority as true. Nor is there any ground to say that these opposing statements left the issue of impartiality and fairness so doubtful, that the refusal to enter upon a regular trial of the issue by examination of witnesses was an abuse of discretion. Public policy requires the return of commissioners in partition to be sustained unless it clearly appears there has been a miscarriage of justice. Mere difference of opinion as to the valuation is not sufficient to warrant the Court in setting it aside. To annul the return, it must be shown the valuation of the commissioners was so grossly incorrect and unequal, as to justify an inference that the commissioners acted from an unfair and improper motive; or there must be a secured bid or offer to pay a higher price made by a party in interest before the Court. *Aldrich* v. *Aldrich*, 75, S. C., 364.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.