HENDERSON, receiver, *v.* CITIZENS FIRST NATIONAL BANK OF
ALBANY.

FISH, C. J.  1. The amendment, properly construed, was an elaboration
of the matter contained in the original petition for intervention, which
was itself a suit on contract. The petition as amended set forth a
cause of action.
2. The evidence was sufficient to support the judgment for the inter-
venor, which was rendered by the court without a jury, upon agreed
facts and other evidence.
3. The case differs from *Henderson* v. *National Bank of Tifton*, 146 *Ga.*
799 (92 S. E. 525). In that case the bank for which the defendant
was receiver was not a party to the note sued on; whereas in this
case the note was payable to the order of the insolvent bank, which
indorsed it to the intervenor.

*Judgment affirmed. All the Justices concur.*
No. 1867. FEBRUARY 15, 1921.

Intervention.  Before Judge Eve.  Turner superior court.  No-
vember 8, 1919.

The plaintiff in error was appointed receiver of the affairs and
assets of the insolvent Bank of Sycamore.  The defendant in
error intervened in the cause, alleging that the insolvent bank was
indebted to it upon a note for $1660 principal, besides interest,
etc., executed by "Brown & Kinnett by W. J. Kinnett," payable
to the order of said bank, and by it transferred and assigned by
indorsement to intervenor, a copy of which note was exhibited;
that it was acquired by intervenor by purchase for a valuable con-
sideration before maturity; and that it was past due and unpaid.
By amendment these allegations were stricken, and the following
averments were substituted:  At the time of the appointment of
the receiver the insolvent bank was indebted to intervenor in the
sum named; for that, before the date of the note for $1660, in-
tervenor advanced $2500 on a note of Brown & Kinnett, payable
"to the order of ourselves," and guaranteed by said bank, which
advancement was made on the faith of the guaranty, and would
not have been made unless said bank had guaranteed the payment
of the note.  It was agreed and understood at the time by the
parties that the fund was to be deposited to the credit of said
bank, that it was to be the property of that bank, and that said
bank was the real borrower of the $2500.  Afterward said bank
paid $1000 on the note, and a note for $1660 was given in renew-
al, signed by Brown & Kinnett, payable to said bank, and by it
indorsed (the note sued on).  The entire sum so advanced and

deposited was used by said bank in the regular course of business. It was deposited to the credit of the Bank of Sycamore in the American Bank and Trust Company in Albany, Ga., the amount deposited being $2268.90, which was withdrawn by checks (specifying dates and amounts) signed " Bank of Sycamore, L. J. Brown, Cashier." The sum of $1660, with interest, is due and unpaid, and is a part of the original indebtedness represented by the advancement of $2500 which was received by said bank, which now refuses to pay the note for $1660, denying the authority of its officer to guarantee the original loan or the renewal. Therefore in equity and good conscience it is bound to refund to intervenor the sum it illegally retains.

The receiver demurred to the intervention as amended, on the grounds: that it set forth no legal or equitable cause of action; that it sought to change the alleged right of action from one on an express contract to one on an implied contract; and that it sought to set up a new, separate, and independent cause of action at variance with that originally declared on. Exception was taken to the overruling of this demurrer; and to a judgment in favor of the intervenor for $1268.90, with interest from date of filing intervention, it being contended that the judgment was contrary to law and evidence and without evidence to support it; and that the intervenor's pleading, in form and substance and legal effect, did not authorize a judgment as for money had and received by the Bank of Sycamore for the benefit and use of the intervenor.

The case was tried by the judge without a jury, on all issues, and upon a statement of agreed facts with testimony given by Edwin Sterne. From this agreement and testimony it appears, that the firm of Brown & Kinnett was composed of L. J. Brown, the cashier, and W. J. Kinnett, a director, of the Bank of Sycamore. A. L. Sterne, cashier of the American Trust and Banking Company of Albany, submitted to his brother Edwin Sterne, vice-president and cashier of the intervenor bank, a proposal to discount a note of Brown & Kinnett for $2500, due at 6 months, with 8 per cent. interest, for the benefit of and to be guaranteed by the Bank of Sycamore. Edwin Sterne agreed for his bank to discount the paper if his brother would give a guaranty signed by an officer of the Bank of Sycamore who was not a member of the

firm of Brown & Kinnett. Later A. L. Sterne brought in a note for $2600 principal, dated May 11 and due November 11, made by Brown & Kinnett, payable "to the order of ourselves," and indorsed by the makers and by L. J. Brown, W. J. Kinnett, and A. L. Sterne, accompanied by a separate paper stating that "in consideration of $1 and other valuable considerations we hereby guarantee the prompt payment at maturity of" the note just described, which guaranty was signed by D. D. Kinnett, assistant cashier of the Bank of Sycamore. The intervenor thereupon paid $2518.90 (the discount retained being $81.10) on the check of A. L. Sterne, payable to the order of the American Trust and Banking Company of Albany. A. L. Sterne retained $250 as a fee or commission for handling the transaction for Brown & Kinnett, and the remaining sum, $2268.90, was deposited in the last-named bank to the credit of the Bank of Sycamore, and was soon thereafter withdrawn by checks signed with its name and that of L. J. Brown, cashier. In discounting the original note Edwin Sterne had no transaction or communication with any one other than A. L. Sterne, and relied on his statement, as representing the Bank of Sycamore, that the transaction was bona fide in every respect, and that these funds were for the benefit of that bank. When the paper fell due Edwin Sterne wrote to that bank; within two days a payment of $500 thereon was made by mail; and about a month later L. J. Brown made another payment of $500, and, acting for the Bank of Sycamore, arranged for the renewal note sued on, upon the execution and receipt of which renewal the intervenor surrendered the original note and the guaranty. No authority was ever given by the directors of the Bank of Sycamore to guarantee the payment of the original note discounted by intervenor; nor did they or a majority of them ever authorize a loan to Brown & Kinnett in the sum represented by the renewal note sued on. Neither of these notes appears on the discount registers of that bank or its bills receivable. Its books show that in the month following that when the original note was dated, a check for $3700 by Ashburn Bank "covered the sum withdrawn from American Trust & Banking Co.," on the date of which entry a note of Brown & Kinnett for $3427.73 "was retired," as indicated by entry under "bills receivable." They were indebted to the Bank of Sycamore on that date, in the sum last stated, on

partnership paper, and as indorsers on notes discounted for them by said bank, in over $3000 additional sum. No entry on this bank's books was ever made of one of the checks drawn on the American Trust and Banking Company, for $390. The capital of the Bank of Sycamore was $15,000.

Among detailed statements of defenses it was contended, that the insolvent bank was not liable in law under the note sued on; that the facts known or that should have been known to the intervenor when it extended the credit were such as to charge it with notice that the transactions were for the benefit of Brown & Kinnett and not of the bank, which received no consideration for or in connection with the note and did not benefit by the discount of it; that the indorsement of it was made by a member of Brown & Kinnett for himself or the firm, and not in any official capacity for the bank; and that this was not the bank's act and deed and was never ratified by it or by any person authorized to bind it.

*Bussey & McNicholas,* for plaintiff in error, cited: *Savannah Bank &c. Co.* v. *Hartridge,* 73 *Ga.* 228; *Merchants Nat. Bank* v. *Demere,* 92 *Ga.* 735; *First Nat. Bank* v. *Monroe,* 135 *Ga.* 514 (69 S. E. 1123, 32 L. R. A. (N. S.) 550); *Henderson* v. *Nat. Bank,* 146 *Ga.* 799; *Capital City Brick Co.* v. *Jackson,* 2 *Ga. App.* 771; *Bank of Omega* v. *Wingo &c. Co.,* 19 *Ga. App.* 177; *Logan* v. *Bond,* 13 *Ga. App.* 192, 196; *Floyd* v. *Wallace,* 31 *Ga.* 688; *Bracken* v. *Dillon,* 64 *Ga.* 243 (37 Am. R. 70); *Bedell* v. *Scarlett,* 75 *Ga.* 56; *Andrews* v. *Nat. Bank,* 129 *Ga.* 53; *Van Dyke* v. *Van Dyke,* 123 *Ga.* 686; *Lenney* v. *Finley,* 118 *Ga.* 718; West St. Louis Bank *v.* Parmelee, 95 U. S. 557 (24 L. ed. 490); Lamson *v.* Beard, 94 Fed. 30 (36 C. C. A. 56, 45 L. R. A. 822); Cottondale Bank *v.* Oskamp Co., 64 Fla. 36 (59 So. 566); Knickerbocker *v.* Wilcox, 83 Mich. 200 (47 N. W. 123, 21 Am. St. R. 595); Norton *v.* Derry Nat. Bank, 61 N. H. 589 (60 Am. St. R. 334); Ayer *v.* Hughes, 87 S. C. 382 (69 S. E. 657); 1 Bolles, Bkg. § 25; McGee, Banks, § 248; 7 C. J. 595, 720; Bank of B. N. A. *v.* Hooper, 5 Gray (Mass.), 567 (66 Am. D. 390); Civil Code, §§ 3597, 3600, 2236, 2275, 2277.

*Milner & Farkas,* contra, cited: *Butts County* v. *Jackson Bkg. Co.,* 129 *Ga.* 801, 807; Citizens Cen. Nat. Bank *v.* Appleton, 216 U. S. 196 (30 Sup. Ct. 364, 54 L. ed. 443); Central Trans. Co. *v.*

Pullman's Co., 139 U. S. 24 (11 Sup. Ct. 478, 35 L. ed. 55); Aldrich v. Chemical Nat. Bank, 176 U. S. 618 (20 Sup. Ct. 498, 44 L. ed. 611).